UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIANG LI,

        Plaintiff,

   -against-           5:12-CV-1435 (LEK/DEP)

MARK SHELHAMER; and FEDERAL
BUREAU OF INVESTIGATION
IN SYRACUSE,

        Defendants.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

*Pro se* Plaintiff Xiang Li ("Plaintiff") filed a Complaint in New York Supreme Court alleging various torts against Defendants Mark Shelhamer ("Shelhamer") and the Federal Bureau of Investigations ("FBI") (collectively, "Defendants"). Dkt. No. 1-1 ("Complaint"). Defendants timely removed this action to the Court under 28 U.S.C. § 1442(a)(1). Dkt. No 1. Now before the Court are Plaintiff's Motion to remand to New York Supreme Court and Defendants' Motion to dismiss. Dkt. Nos. 5 ("Motion to Remand"); 8 ("Motion to Dismiss"). For the following reasons, the Court denies Plaintiff's Motion to Remand and grants Defendants' Motion to Dismiss.

**II. BACKGROUND**

The parties are presumed to be familiar with the background of this case as set forth in the Court's prior Order dismissing Plaintiff's claims both insofar as they had any basis in federal civil rights law and to the extent they arose under state law. See Li v. Shelhamer, No. 10-CV-0801, 2012 WL 951550 (N.D.N.Y. Mar. 20, 2012) (Kahn, J.). In short, a jury convicted Plaintiff of eleven counts of transmitting death threats in violation of 8 U.S.C. § 875, and he was sentenced to 114

months in prison.  Id. at *1.  Special Agent Shelhamer filed the criminal complaint commencing those proceedings against Plaintiff.  Id.  As in the prior case, Plaintiff is suing Shelhamer for defamation (both libel and slander), intentional infliction of emotional distress, and *prima facie* tort related to the trial and is suing the FBI for negligence in hiring, retaining, and supervising Shelhamer.  Compare Compl., with Li, 2012 WL 951550, at *1, and id. Dkt. No. 1.

### III. MOTION TO REMAND

Plaintiff's Motion to Remand argues that removal was improper because no federal question is presented as required by 28 U.S.C. § 1441.  See Mot. to Remand.  Plaintiff would be correct had Defendants attempted to invoke that removal provision; however, Defendants removed under § 1442, which, as relevant here, permits any agency or officer of the United States to remove any civil or criminal action against them "for or relating to any act under color of such office" to the local federal court.  28 U.S.C. § 1442(a)(1).  This provision "allows 'suits against federal officers [to] be removed despite the nonfederal cast of the complaint' and reflects a congressional policy that 'federal officers, and indeed the Federal Government itself, require the protection of federal forum.'"  Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n.12 (2006) (quoting Jefferson County v. Acker, 527 U.S. 423, 431 (1999); Willingham v. Morgan, 395 U.S. 402, 407 (1969)).

To remove, a federal officer must show: (1) a colorable federal defense; and (2) a causal connection between the charged conduct and asserted official authority.  Acker, 527 U.S. at 431.  Here, Defendants raise numerous colorable federal defenses, and the complained-of conduct occurred during the performance of official duties.  See Dkt. No. 8-1 ("Memorandum"); Willingham, 395 U.S. at 409 ("The [causal] connection consists, simply enough, of the undisputed fact that [the removing federal officers] were on duty, at their place of federal employment, at all the

2

relevant times."). Therefore, Defendants' removal was proper, and Plaintiff's Motion to Remand is denied.

IV. **MOTION TO DISMISS**

Defendants move to dismiss Plaintiff's Complaint on several grounds. Mem. Because the first ground, *res judicata*, is sufficient, the Court does not address the remaining grounds.

Under the doctrine of *res judicata*, "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties . . . upon the same claim . . . ." Epperson v. Entm't Express, Inc., 242 F.3d 100, 108 (2d Cir. 2001). "To demonstrate that a claim is precluded based on res judicata, the moving party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Witchard v. Montefiore Med. Ctr., No. 05 Civ. 5957, 2006 WL 2773870, at *6 (S.D.N.Y. Sept. 26, 2006) (citing Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 285 (2d Cir. 2000)). Elements (2) and (3) are met here because Plaintiff is pressing the same claims against the same defendants that he did in the prior action.[1] Compare Compl., with Li, 2012 WL 951550, at *1, and id. Dkt. No. 1. It makes no difference that Plaintiff originally filed this action in state court and the former action in federal court, nor that the former action also included federal civil rights claims.

---

[1] Plaintiff contends that his claims are not based on the Federal Tort Claims Act ("FTCA"). Dkt. No. 11 ("Response") at 4. If so, his claims are wholly barred by the United States's sovereign immunity. See, e.g., Liranzo v. United States, 690 F.3d 78, 83-84 (2d Cir. 2012). In an abundance of caution, however, the Court construes Plaintiff's claims as invoking the FTCA. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (reciting obligation of district courts to construe *pro se* pleadings liberally).

3

As to element (1), the Court previously dismissed Plaintiff's action for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies. Li, 2012 WL 951550, at *3.[2] It also determined that to establish jurisdiction, Plaintiff would have to show that he exhausted his administrative remedies by June 2009. Id.; see also 28 U.S.C. § 2401(b) (stating that an Federal Tort Claims Act claim is "forever barred" unless presented in writing to the appropriate federal agency within two years of accrual). Because it is a jurisdictional decision,

> a dismissal for failure to exhaust administrative remedies is not necessarily an adjudication on the merits. Rather, such dismissals are normally without prejudice, and do not bar instituting another suit after administrative remedies are properly exhausted. However, a dismissal is considered to be on the merits where it is no longer possible to properly exhaust administrative remedies.

Murtaugh v. New York, 810 F. Supp. 2d 446, 487 (N.D.N.Y. 2011) (quoting Witchard, 2006 WL 2773870, at *7) (internal quotation marks and citations omitted). As in the prior action, Plaintiff has not alleged, and nothing in the record suggests, that he exhausted his administrative remedies by the statutory deadline—in his case, June 2009. See Compl.; Dkt. No. 9 ("Response"). See generally Dkt. Because that deadline is long past, it is now impossible to exhaust his administrative remedies to cure the jurisdictional defect. Therefore, the Court concludes that *res judicata* factor (1) is met because the prior action involved an adjudication on the merits despite its jurisdictional nature. Cf. Henneberry v. Sumitomo Corp. of Am., No. 04 Civ. 2128, 2005 WL 991772, at *4 (S.D.N.Y. Apr. 27, 2005) ("If the district court decides to dismiss any claim, that dismissal is generally considered a judgment on the merits, unless dismissed for some 'curable defect.'"

---

[2] Plaintiff erroneously asserts that the Court "previously declined to exercise its pendent jurisdiction over the state claims." Resp. at 5. That was the Court's decision in a parallel case Defendant filed contemporaneously against other defendants. See Duncan v. Li, No. 10-CV-0802, 2011 WL 2432915 (N.D.N.Y. Apr. 18, 2011), approved and adopted, 2011 WL 2432924 (N.D.N.Y. June 16, 2011) (Kahn, J.).

4

(quoting Criales v. Am. Airlines, Inc., 105 F.3d 93, 98 (2d Cir. 1997))). Because Defendants have established all three *res judicata* factors, Plaintiff's Complaint is dismissed with prejudice.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 5) to remand is **DENIED**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 8) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1-1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated:    August 20, 2013
          Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge